**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHNNY RIVERA,                         )
                                       )
          Petitioner,                )
                                       )
            v.              )       Civil Action No. 05-338E
                                       )        JUDGE SEAN McLAUGHLIN
MARILYN BROOKS,                        )       MAGISTRATE JUDGE BAXTER
                                       )
          Respondent.                )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I.**      **RECOMMENDATION**

        It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.


**II.**     **REPORT**

        Petitioner, Johnny Rivera, was a state prisoner incarcerated at the State Correctional Institution at Cresson, Pennsylvania as of the date this petition for writ of habeas was filed.  Rivera asserts in the petition that the Pennsylvania Board of Probation and Parole has refused to release him to begin service of a federal sentence which is the subject of a detainer lodged against him.  The instant petition was filed on November 14, 2005, and petitioner seeks an order directing his release from state custody to begin service of his federal sentence (Doc. No. 1).  A search of the Pennsylvania Department of Corrections Inmate Locator database shows that petitioner is no longer in state custody.  Hence, petitioner has received the relief he requests in the instant petition.[1]

        Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to actual "cases or controversies."  This is a "bedrock requirement" and requires the plaintiff to establish that

---

[1]     Indeed, it appears that his federal sentence has also been resolved since a search of the United States Bureau of Prisons Inmate Locator does not show petitioner as a current inmate.

he or she has proper "standing" to sue. <u>Raines v. Byrd</u>, 521 U.S. 811, 818 (1997) (internal citations omitted). The constitutional minimum of standing contains three elements, only the third of which is relevant here. It must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992). Put another way, to meet the standing requirements of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. <u>Raines</u>, 521 U.S. at 818 (quotation omitted).

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. <u>Lane v. Williams</u>, 455 U.S. 624 (1982). An exception to this general rule arises where a prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. <u>Maleng v. Cook</u>, 490 U.S. 488, 491-492 (1989); <u>United States v. Romera-Vilca</u>, 850 F.2d 177, 179 (3d Cir. 1988). Here, however, petitioner does not challenge a revocation proceeding, as was the case in <u>Maleng</u>. Rather, he challenges the decision not to release him to federal custody to begin serving his federal sentence. The only relief petitioner requests is an order directing his release from state custody to federal custody. Therefore, since this has obviously already occurred, there is no longer any chance that the alleged injury will be redressed by a favorable decision. This matter has been mooted by events, and, accordingly, the petition should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

- 2 -

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: November 30,  2006